IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 20-2409 |
| ) | |
| HONEYWELL INTERNATIONAL, INC ) | |
| and KAZ USA, INC., ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

COMES NOW Plaintiff, United States of America ("Plaintiff"), by and through Stephen R. McAllister, United States Attorney for the District of Kansas, and Christopher Allman, Wendy A. Lynn and K. Tyson Shaw, Assistant United States Attorneys, and for its causes of action against Defendants Honeywell International, Inc. (Honeywell) and Kaz USA, Inc. (Kaz) ("Defendants"), states and alleges as follows:

PARTIES, JURISDICTION, AND VENUE

1. Plaintiff is the United States of America.

2. Upon information and belief, Defendant Honeywell is a Delaware corporation with its headquarters at 700 S Mint St., Charlotte, North Carolina 28202.

3. Upon information and belief, Defendant Kaz is a Massachusetts corporation with its headquarters at 400 Donald Lynch Blvd., Marlborough, MA 01752-4733.

4. At all times described herein and upon information and belief, Defendants conducted business in the State of Kansas by way of selling a variety of products, including air purifiers described herein, to the United States and the general public in Kansas.

5.      This cause of action arose in Leavenworth County, Kansas and is a civil action commenced by the United States. Thus, the United States District Court for the District of Kansas has original jurisdiction in this action pursuant to 28 U.S.C. § 1345 and venue is proper pursuant to 28 U.S.C. § 1391.

## FACTS

6.      The Department of Veterans Affairs (VA) operates a Consolidated Mail Outpatient Pharmacy ("CMOP") in Leavenworth, Kansas at 5000 S. 13th St. ("the Property").

7.      The CMOP provides medication and pharmaceutical supplies to veterans through an automated process that dispenses, sorts, packages, and mails tens of thousands of orders each work day.

8.      In March 2013, Plaintiff, through the VA, purchased a Honeywell air purifier, model number 50250 (the "Air Purifier").

9.      The prong of the Air Purifier's electric connector displays the numbers 35612. Upon information and belief, this represents that the Air Purifier was manufactured on December 21, 2012, by Defendant Kaz.

10.     Sometime after purchase, the VA began to use the Air Purifier at the Property.

11.     At all times relevant hereto, the Air Purifier was used in the ordinary and foreseeable manner for which the Air Purifier was intended to be used.

12.     The Air Purifier was operated 24 hours a day, 7 days a week, per manual instructions.

13.     The Air Purifier also received routine maintenance and cleaning, per manual instructions.

14.     The Air Purifier was designed, manufactured, inspected, tested, and/or distributed by Defendants. Upon information and belief, Defendant Kaz owns a license to produce air purifiers, including the subject Air Purifier, under Defendant Honeywell's name.

15. On or about August 20, 2017, the Air Purifier failed and ignited in fire at the Property.

16. The fire was caught on VA security surveillance. The video clearly shows the origin of the fire was the Air Purifier.

17. The fire caused extensive damage to the Property and a temporary shutdown of VA CMOP operations. All damages incurred by the United States were caused directly and proximately by Defendants' conduct.

18. Subsequent analysis and investigation revealed that the design and/or manufacture of the Air Purifier created an unreasonably dangerous condition where the Air Purifier could malfunction and ignite when put to ordinary and foreseeable use.

19. Plaintiff neither altered nor modified the Air Purifier.

20. The Air Purifier was less than five years old, and the useful safe life of the Air Purifier had not expired at the time it malfunctioned and caused the fire.

## COUNT 1 – STRICT PRODUCTS LIABILITY

21. Plaintiff incorporates by reference all the above paragraphs as if fully restated herein.

22. Defendants are in the business of designing, manufacturing, and/or distributing air purifiers, and did in fact design, manufacture, and distribute the Air Purifier that is the subject of this lawsuit.

23. The Air Purifier was in a defective and unreasonably dangerous condition when Defendants placed it into the stream of commerce for use.

24. The Air Purifier was delivered and placed at the Property without substantial change in the condition in which it was designed, manufactured, and distributed.

25. At all times relevant, the Air Purifier was being used in the normal course of operation and for the purpose in which it was intended.

26. However, during normal operations, the Air Purifier failed and ignited in fire.

27. As the designer, manufacturer, and distributor of the Air Purifier, Defendants had a duty to all those who could foreseeably be injured by its product to not sell any air purifiers that could cause damage through no fault of the user.

28. Defendants fell short of this duty in many ways, including, but not limited to:

   a. The Air Purifier was defectively designed for many reasons, including the fact it failed and ignited on fire instead of simply failing to operate.

   b. The Air Purifier was improperly manufactured such that the Air Purifier deviated from the design specifications and performance standards for otherwise identical air purifiers in the array.

   c. Defendants did not adequately warn its customers, including the United States, through the VA, that the Air Purifier was defective and unreasonably dangerous when put to a reasonably anticipated use.

   d. The Product's defective and unreasonably dangerous condition was known, or should have been known, to Defendants; however, Defendants failed to test and/or correct the defective Product to prevent it from catching fire.

   e. The Product was otherwise defective and unreasonably dangerous when put to a reasonably anticipated use.

29. As a direct and proximate result of the defective Air Purifier, Plaintiff incurred damages in excess of One Million Dollars ($1,000,000).

## COUNT II - NEGLIGENCE

30. Plaintiff incorporates by reference all the above paragraphs as if fully restated herein.

31. Defendants are in the business of designing, manufacturing, distributing, selling, marketing and/or selling air purifiers. In so doing, Defendants owed a duty of reasonable care to customers like the United States.

32. Defendants negligently violated this duty in many ways, including but not limited to the following:

   a. Designing the Air Purifier in such a way that made it defective and unreasonably dangerous when put to a reasonably anticipated use.

   b. Manufacturing the Air Purifier in such a way that left it defective and unreasonably dangerous when put to a reasonably anticipated use.

   c. Failing to adequately inspect and test the Air Purifier to determine that it was safe and not defective and unreasonably dangerous for use.

   d. Failing to adequately warn customers against the fact the Air Purifier was defective and unreasonably dangerous when put to a reasonably anticipated use.

   e. Otherwise violating its duty of reasonable care.

33. As a direct and proximate result of this negligence, Plaintiff has incurred damages in excess of One Million Dollars ($1,000,000).

## COUNT III – *RES IPSA LOQUITOR* (*in the alternative to Counts I and II*)

34. Plaintiff incorporates by reference all the above paragraphs as fully restated herein and pleads *in the alternative to* Counts I and II, where applicable.

35. Defendants were in total and exclusive control of the Air Purifier at the time it left its possession during the transaction that ultimately found the United States purchasing it.

36. The above-described defect and resulting fire damage(s) are of such kind or nature that do not spontaneously occur in the absence of someone's negligence.

37. Plaintiff did nothing to cause or contribute to cause the Air Purifier's malfunction and fire.

38. As a direct and proximate result, Plaintiff has incurred damages in excess of One Million Dollars ($1,000,000).

### COUNT IV – BREACH OF EXPRESS AND/OR IMPLIED WARRANTIES

39. Plaintiff incorporates by reference all the above paragraphs as if fully restated herein.

40. In addition to designing, manufacturing, and/or distributing air purifiers, Defendants also were in the business of selling, marketing and or advertising their products to customers, including the Air Purifier at issue.

41. In so selling, marketing and/or advertising these products, Defendants made various express and/or implied warranties about the performance of the products, including the Air Purifier at issue.

42. Defendants violated these warranties in many ways, including but not limited to the following:

   a. Designing the Air Purifier in such a way that made it defective and unreasonably dangerous when put to a reasonably anticipated use.

   b. Manufacturing the Air Purifier in such a way that left it defective and unreasonably dangerous when put to a reasonably anticipated use.

   c. Failing to adequately inspect and test the Air Purifier to determine that it was safe and not defective and unreasonably dangerous for use.

   d. Failing to adequately warn customers against the fact that Air Purifier was defective and unreasonably dangerous when put to a reasonably anticipated use.

   e. Otherwise violating its express and/or implied warranties.

43. As a direct and proximate result of these breaches of warranties, Plaintiff incurred damages in excess of One Million Dollars ($1,000,000).

WHEREFORE, Plaintiff respectfully requests judgment against Defendants for compensatory damages in excess of One Million Dollars ($1,000,000), pre-judgment interest, post-judgment interest, costs, reasonable attorney's fees, and all other relief considered by this Court to be reasonable and appropriate under Kansas Law.

## DEMAND FOR JURY TRIAL

Comes Now the Plaintiff, United States of America, and hereby requests a trial by jury on all issues raised herein to be held in Kansas City, Kansas.

Respectfully submitted,

STEPHEN R. MCALLISTER
United States Attorney

s/ Christopher Allman
CHRISTOPHER ALLMAN
Assistant United States Attorney
Ks. S. Ct. No. 14225
500 State Avenue, Suite 360
Kansas City, Kansas  66101
PH:  913.551.6730   FX:  913.551.6541
Email: chris.allman@usdoj.gov

s/ Wendy A. Lynn
Wendy A. Lynn
Assistant United States Attorney
500 State Avenue, Suite 360
Kansas City, Kansas 66101
Ks. S. Ct. No. 23594
(913) 551-6737 (telephone)
(913) 551-6541(facsimile)

E-mail: Wendy.Lynn@usdoj.gov

s/ K. Tyson Shaw
K. TYSON SHAW
Assistant United States Attorney
500 State Avenue, Suite 360
Kansas City, Kansas  66101
Pennsylvania Bar No. 314323
PH:  (913) 551-6730
FX:  (913) 551-6541
Email: Tyson.Shaw@usdoj.gov

**ATTORNEYS FOR PLAINTIFF**